IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| WOODLEY ARCHITECTURAL GROUP, INC., § § § Plaintiff, § § v. § § LOKAL COMMUNITIES, LLC, § § Defendant. § | Civil Action No. Jury Trial Demanded |

## COMPLAINT

Plaintiff, Woodley Architectural Group, Inc. ("WAGI") complains of Lokal Communities, LLC ("Lokal"), and for its causes of action shows the following:

### PARTIES

1. WAGI is a Colorado corporation with its principal place of business in Littleton, Colorado.

2. Lokal is a Colorado limited liability company with its principal place of business in Englewood, Colorado. It may be served with process through its Registered Agent, Lokal Homes LLC, at 8310 S Valley Hwy, Ste 115, Englewood, CO 80112.

### JURISDICTION AND VENUE

3. This is an action for copyright infringement, and arises under the laws of the United States of America codified at 17 U.S.C. §§ 101 *et seq*.

4. This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338(a).

5. Lokal is subject to the personal jurisdiction of this Court because it resides or may be found in this District.

6. Venue in this District is proper under 28 U.S.C. § 1400(a) because Lokal resides or may be found in this District.

**FACTUAL BACKGROUND**

7. WAGI is an architecture firm, and is engaged in the business of creating, publishing, distributing, advertising, and licensing architectural works and technical drawings depicting those architectural works, including residential home designs and plans for them.

8. WAGI's principal is Mike Woodley ("Woodley"). Woodley is a celebrated and award-winning architect, who has been inducted into the William S. Marvin Hall of Fame for Design Excellence, and the California Homebuilding Hall of Fame for his lifetime achievements. He has also judged major building design concepts throughout the United States.

9. Lokal is a real estate developer.

10. At times material to this case, Lokal's "Director of Architecture" was Nic Fleming.

11. Colorado law (specifically, Colo. Rev. Stat. § 12-120-405) prohibits anyone not licensed as an architect by the State of Colorado from using the word "architecture" in their job title.

12. Nic Fleming is not and never has been a licensed architect.

13. In the Fall of 2018, Lokal engaged WAGI to design a series of townhouses for a development in Denver, Colorado known as Evans and Holly, a/k/a the Hub at Virginia Village (the "Hub at Virginia Village Project").

14. WAGI specifically advised Lokal in writing that WAGI would be the sole author and owner of all copyrights in all works WAGI created pursuant to its engagement.

15. Lokal agreed that WAGI would be the sole author and owner of all copyrights in all works WAGI created pursuant to its engagement.

16. At no time has WAGI ever agreed to be a joint author with anyone for anything associated with the Hub at Virginia Village Project.

17. WAGI and Lokal agreed that conditioned on payment of the agreed sums, WAGI granted Lokal a nonexclusive license to use WAGI's designs **solely** for the purpose of constructing and maintaining the Hub at Virginia Village Project.

18. WAGI further advised Lokal in writing that Lokal could not use WAGI's designs and drawings for other projects without WAGI's written consent and appropriate compensation to WAGI.

19. Lokal agreed and understood that Lokal could not use WAGI's designs and drawings for other projects without WAGI's written consent and appropriate compensation to WAGI.

20. Pursuant to this engagement, on December 18, 2018 WAGI conducted a design charrette with Lokal, at which Woodley and other WAGI personnel presented the designs of five townhouse units for the Hub at Virginia Village Project. These five townhouse designs are known as:

> Rowtowns Plan 1
>
> Rowtowns Plan 2
>
> Rowtowns Plan 3

3

       Carriage Towns Plan 1

       Carriage Towns Plan 2

These townhouse designs will hereinafter be referred to as the "WAGI Townhouse Designs."

21. WAGI delivered additional drawings associated with the WAGI Townhouse Designs to Lokal in January 2019.

22. Lokal paid WAGI the agreed design and license fees of $179,490 in early 2019, and did not express to WAGI any dissatisfaction with WAGI's work on the WAGI Townhouse Designs.

23. Lokal subsequently modified the WAGI Townhouse Designs to create five derivative works:

| WAGI Design | Lokal Derivative |
|---|---|
| Rowtowns Plan 1 | Henry |
| Rowtowns Plan 2 | Oliver |
| Rowtowns Plan 3 | Taylor |
| Carriage Towns Plan 1 | Clark |
| Carriage Towns Plan 2 | Baxter |

These derivative works will hereinafter be referred to as the "Lokal Derivative Designs."

24. While WAGI's license to Lokal authorized the creation, construction, and marketing of the Lokal Derivative Designs at the Hub at Virginia Village Project, WAGI never authorized the use of its designs or any derivatives of them on any other project.

25. Lokal subsequently constructed and marketed the buildings at the Hub at Virginia Village Project, which were composed of arrangements of the Lokal Derivative Designs, including arrangements designed by WAGI.

26. Prior to completing construction on the Hub at Virginia Village Project, in August 2021 Lokal entered the design for that project in the 2021 Major Achievements in Merchandising Excellence **("MAME")** Awards competition for the Denver metro area, listing WAGI as the architect for that project.

27. As part of its 2021 MAME Award entry, Lokal submitted the floorplans and exterior photographs of the Lokal Derivative Designs.

28. The entry form for the 2021 MAME awards also required the entrant to submit a marketing statement that would "explain the major marketing objectives of the entry and why you think it deserves an award in the category entered," and "identify the target market, and unusual constraints or opportunities which the project presented, and how the marketing objectives were met."

29. Lokal's marketing statement for this 2021 MAME Award entry was as follows:

> This community has presented numerous challenges and opportunities. Being an urban infill location in Virginia Village in Denver, CO, this community has been of heavy interest since we purchased the land. The challenge of putting the puzzle together and figuring out how to best design this site has allowed us to bring the very best to our customers. Working with our award-winning architectural partner and our own in-house studio, we have expertly crafted the perfect mix of product for this community. Featuring two product lines, row townhomes and back to back cluster style townhomes, there is truly something for everyone. These floor plans include generous outdoor patios, open layouts, and functional design. The floor plans live like a single-family home, and every detail was intentional. Things like floor plans featuring first floor studio suites are details that make sense for this location and demographic. Buyers can use it as an in-law suite or even a short-term rental to generate extra income. There is no shortage of desirable features for these buyers, including 2-car attached garages on all floor plans. Our team

was able to identify what is important and flawlessly integrate it into each floor plan in a unique way.

30. The "award-winning architect partner" referenced in this marketing statement was Woodley / WAGI.

31. On October 7, 2021, the Hub at Virginia Village Project was awarded a MAME Award. The award citation was as follows:

> The Hub at Virginia Village
> By: Lokal Homes
> Marketing Director: Alex Kaminsky
> Design: Woodley Architectural Group

32. Woodley and Lokal principal Dave Lemnah appeared together on stage at the MAME Awards ceremony to accept the award.

33. Shortly after the MAME Award was announced, Lokal's "Director of Architecture" Nic Fleming contacted WAGI architect Graham Denton and advised WAGI that Lokal wanted to use the WAGI Townhouse Designs in two communities in Colorado Springs, and requested invoices for the repeat fees that would be required for such use.

34. These two communities were known as the "Commons at Victory Ridge," and "Centennial and Fillmore."

35. WAGI subsequently learned that Lokal had in fact prepared (and/or had others prepare) and distributed PUD (Planned Unit Development) development plans for these two projects six months before, in April 2021. These PUD development plans included unit footprints and elevations of the WAGI Townhouse Designs or derivatives thereof.

6

36. WAGI never authorized Lokal's creation and distribution of such PUD development plans, or any other use of WAGI Townhouse Designs or derivatives thereof in connection with the "Commons at Victory Ridge" or "Centennial and Fillmore" projects.

37. In late 2021, Lokal principal Dave Lemnah contacted Woodley and expressed Lokal's desire to "get square with" WAGI regarding Lokal's reuse of derivatives of the WAGI Townhouse Designs in these two Colorado Springs projects.

38. In early 2022, WAGI sent Lokal proposals for the reuse of the WAGI Townhouse Designs and derivatives of them on these two Colorado Springs projects. The parties, however, never reached an agreement regarding such reuse, and WAGI never authorized such reuse.

39. Despite the fact that Lokal had no authorization from WAGI to use the WAGI Townhouse Designs or derivatives of them on any project other than the Hub at Virginia Village Project, beginning in February 2022 Lokal created and distributed construction drawings for the two Colorado Springs projects. These construction drawings included buildings composed of arrangements of the Lokal Derivative Designs, including arrangements that WAGI designed.

40. During this same period, Lokal induced others (including Bowman Consulting Group, Ltd., Ei Engineering, Galloway, and N.E.S., Inc.) to create and distribute engineering and construction drawings for these two Colorado Springs projects. These engineering and construction drawings included derivatives of the WAGI Townhouse Designs.

41. At the time Lokal induced such other persons to create and distribute engineering and construction drawings for these two Colorado Springs projects, Lokal was aware that WAGI was the sole author of and sole owner of the copyrights in the WAGI Townhouse Designs.

42. At the time Lokal induced such other persons to create and distribute engineering and construction drawings for these two Colorado Springs projects, Lokal knew that it had not paid WAGI any compensation for the use of derivatives of the WAGI Townhouse Designs on these projects, and that Lokal and WAGI had not come to any agreement concerning such use.

43. At all material times, Lokal had the ability to supervise and control the activities of these other persons that created and distributed engineering and construction drawings for these two Colorado Springs projects, including the ability to direct such persons not to include derivatives of the WAGI Townhouse Designs in such drawings.

44. At all material times, Lokal had a direct financial interest in the development of these two Colorado Springs projects, which included the creation and distribution of engineering and construction drawings for them.

45. WAGI communicated with Lokal on June 28, 2022 and August 8-10, 2022, reminding Lokal of the need to obtain and pay for licenses from WAGI for Lokal to lawfully use derivatives of the WAGI Townhouse Designs on the "Commons at Victory Ridge" and "Centennial and Fillmore" projects.

46. On August 17, 2022, Lokal's attorney wrote WAGI, denying that any contract ever existed between Lokal and WAGI concerning the "Commons at Victory Ridge" or "Centennial and Fillmore" projects, and refusing to pay WAGI for the use of the WAGI Townhouse Designs or derivatives of them on those projects.

47. On August 22, 2022, through counsel, WAGI responded to this letter, permanently withdrawing all offers to license the use of the WAGI Townhouse Designs or derivatives of them on any projects other than the Hub at Virginia Village Project. While

8

denying that Lokal had any sort of implied license to use the WAGI Townhouse Designs or derivatives of them on any other projects, this letter also explicitly terminated any putative implied license to Lokal to do so.

48. This letter also demanded that Lokal cease and desist from all further use of the WAGI Townhouse Designs or derivatives of them on the two Colorado Springs projects.

49. Lokal did not comply with WAGI's cease and desist demand, but instead has continued to construct, market, and sell units at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, including the construction and marketing of townhouses that are derivatives of the WAGI Townhouse Designs.

50. Lokal has also induced other persons to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs.

51. At the time Lokal induced other persons to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs, Lokal was aware that WAGI was the sole author of and sole owner of the copyrights in the WAGI Townhouse Designs.

52. At the time Lokal induced other persons to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse, Lokal knew it had not paid WAGI any compensation for the use of derivatives of the WAGI Townhouse Designs on these projects, and that Lokal and WAGI had not come to any agreement concerning such use.

53. At all material times, Lokal had the ability to supervise and control the activities of these other persons that constructed the townhouses at these two Colorado Springs projects, including the ability to direct such persons not to construct designs that were derivatives of the WAGI Townhouse Designs.

54. At all material times, Lokal had a direct financial interest in the development of these two Colorado Springs projects, including the construction of townhouses in them.

55. As part of the marketing of the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has advertised to the public that townhouses of the same Lokal Derivative Designs that were constructed at the Hub at Virginia Village Project were being constructed at these two Colorado Springs projects, and were available for purchase. Such advertising included webpages on Lokal's website, lokalhomes.com.

56. Lokal has also used the townhouses constructed in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects as instrumentalities of advertising.

57. Lokal has sold and is continuing to sell townhouses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs.

## WORKS IN SUIT

58. WAGI has registered its architectural works copyrights in the WAGI Townhouse Designs under Certificate of Registration VA2-346-599 ("Rowtowns and Carriage 5-Plex").

59. In issuing this registration, the United States Copyright Office has ruled that "this registration covers all of the protected expressions included in that building design, including the designs of the individual constituent units."

10

60. In issuing this registration, the United States Copyright Office has also ruled that "it also covers all of the protected expressions as they appear in any concurrent or subsequent versions or editions, including alternative arrangements of the individual units."

61. The WAGI Townhouse Designs are copyrightable subject matter under 17 U.S.C. § 102(a)(8).

62. The WAGI Townhouse Designs and WAGI's arrangements of them constitute and contain material wholly original to WAGI, including the overall look and feel of each of the works, and the selection and arrangement of the constituent parts of each of the works.

63. WAGI independently created the WAGI Townhouse Designs and WAGI's arrangements of them from scratch, and did not copy them from anyone else's work. The WAGI Townhouse Designs and WAGI's arrangements of them are thus wholly "original" under the standard articulated by the Supreme Court:

> "Original," as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. . . . [T]he requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark.

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

64. Woodley's narrative description of the creative process and reasonings in the design of the WAGI Townhouse Designs and his arrangements of them is attached as Exhibit A, all of which is hereby incorporated by reference.

65. The creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them include:

A. the arrangement, composition, and proportions of exterior features and massing.

B. the shape, size, location, and proportions of interior spaces.

C. the selection and placement of design features and elements.

D. the selection and placement of architectural details.

66. Putting together all of the pieces and shapes that make up each of the WAGI Townhouse Designs and WAGI's arrangements of them was a product of creativity of Woodley and other WAGI employees. The overall configuration and arrangement of spaces, elements, and features in the design is not a collection or compilation of standard rooms and elements of pre-existing forms. To the contrary, the shapes and sizes of the rooms and spaces, the shapes and sizes of the exterior elements and features, and the piecing together and placement of all of the spaces, design features and other architectural details to fit them into an overall whole come from the mind and creativity of Woodley and other WAGI employees as the design was created.

67. In creating each of the WAGI Townhouse Designs and WAGI's arrangements of them, Woodley and other WAGI employees had many different architectural and design styles and hybrid styles to choose from, both as to the exterior and interior; a wide range of possible overall square footages; variations of the shape of the exterior "footprint" and exterior elevations; and infinite variations of how and where the designer placed rooms and spaces together within the footprint and how these in turn affected the exterior elevations; all of which came from the hard work, imagination, and creativity of Woodley and other WAGI employees and not through collecting and assembling standard or pre-existing forms.

68. The creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them (including their

choices and arrangements of the individual constituent elements) have been fixed in tangible mediums of expression (*i.e.*, WAGI's drawings depicting the WAGI Townhouse Designs and WAGI's arrangements of them).

69. These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, are each original expressions protected by copyright.

70. These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, were not dictated by function, but were aesthetic choices.

71. These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, were not the only way such ideas could have been expressed.

72. These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, were not standard or generic.

## COUNT I: COPYRIGHT INFRINGEMENT
(17 U.S.C. §§ 501 *et seq.*)

73. WAGI complains of Lokal for copyright infringement, and realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 72 above.

74. By creating construction drawings for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

75. By distributing construction and engineering drawings for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

76. The creation of construction and engineering drawings by others for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, at the inducement of Lokal, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

77. The distribution of construction and engineering drawings by others for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, at the inducement of Lokal, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

78. By distributing advertising materials for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that include floorplan drawings, Lokal has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

79. By constructing the townhouses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

80. The construction of townhouses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects by others, at the inducement of Lokal, has violated WAGI's

exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

81. By marketing and selling the townhouses constructed at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

82. The marketing and sales of the townhouses constructed at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects by others, at the inducement of Lokal, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

83. Pursuant to 17 U.S.C. § 504(b), WAGI is entitled to recover its actual damages suffered as a result of these infringements from Lokal.

84. Pursuant to 17 U.S.C. § 504(b), WAGI is entitled to recover all profits of Lokal that are attributable to its infringing activities.

85. Lokal is also vicariously liable for the infringing acts of others associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is liable to WAGI for the profits of such other persons that are attributable to their infringing activities.

86. Lokal is also contributorily liable for the infringing acts of others associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is liable to WAGI for the profits of such other persons that are attributable to their infringing activities.

87. Pursuant to 17 U.S.C. § 502, WAGI is entitled to preliminary and permanent injunctive relief to restrain the infringement of its copyrights in the WAGI Townhouse Designs, including but not limited to the further reproduction or distribution of construction, engineering,

15

or marketing materials that include derivatives of the WAGI Townhouse Designs, and further construction, marketing, sale, rental, or other distribution of the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects.

88. Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of its exclusive rights.

## CONDITIONS PRECEDENT

89. WAGI generally avers that all conditions precedent to its rights of recovery have occurred or have been performed.

## JURY DEMAND

90. Pursuant to Federal Rule of Civil Procedure 38, WAGI demands trial by jury on all issues so triable.

WHEREFORE, Woodley Architectural Group, Inc. prays that defendant be cited to appear and answer, and that upon final trial that it have and recover from defendant as requested herein, that it have injunctive and destructive relief as requested herein, and that it have such and other relief as it may show itself to be entitled.

Date: November 13, 2023            Respectfully submitted,

By:   */s/ Louis K. Bonham*
      Louis K Bonham
      bonham@obwb.com
      Osha Bergman Watanabe & Burton, LLP
      1100 Louisiana Street, Suite 4900
      Houston, Texas 77002
      713.228.8600 Telephone
      713.228.8778 Facsimile

*/s/ Kris J. Kostolansky*
Kris J. Kostolansky
Marnier A. LeBlanc
**LEWIS ROCA**
1601 19th St., Suite 1000
Denver, Colorado 80202
Telephone: (303) 623-9000
FAX: (303) 623-9222
Email: kkostolansky@lewisroca.com
         mleblanc@lewisroca.com

COUNSEL FOR PLAINTIFF
WOODLEY ARCHITECTURAL GROUP, INC.