<u>**UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

| | | |
|---|---|---|
| WOODLEY ARCHITECTURAL GROUP, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| LOKAL COMMUNITIES, LLC, LOKAL HOMES, LLC, L&L HOLDING COMPANY, LLC, FLAGSTAR BANK, NATIONAL ASSOCIATION f/k/a FLAGSTAR BANK, FSB, and WESTERN ALLIANCE BANK, | § § § § § § § § | Civil Action No. 1:23-cv-03004-KAS Jury Trial Demanded |
| Defendants. | § § | |

<u>**FIRST AMENDED COMPLAINT**</u>

Plaintiff, Woodley Architectural Group, Inc. ("WAGI") files this First Amended Complaint against Lokal Communities, LLC ("Lokal"), Lokal Homes, LLC ("Lokal Homes"), L&L Holding Company, LLC ("L&L"), Flagstar Bank, National Association f/k/a Flagstar Bank, FSB ("Flagstar"), and Western Alliance Bank ("WAB"), and for its causes of action shows the following:[1]

<u>**PARTIES**</u>

1.      WAGI is a Colorado corporation with its principal place of business in Littleton, Colorado.

---

[1]      At the hearing held on November 25, 2024, Magistrate Judge Starnella granted WAGI leave to file an amended complaint against the additional named defendants.

Because this pleading contains information taken from documents that for now have been designated "Attorneys Eyes Only," the publicly-filed version of this First Amended Complaint has been redacted to mask such information, and an unredacted version is being filed under seal.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

2.      Lokal is a Colorado limited liability company with its principal place of business in Englewood, Colorado.  It has appeared and answered in this case.

3.      Lokal Homes is a Colorado limited liability company with its principal place of business in Colorado, Springs, Colorado.  It may be served with process by serving its registered agent, David G. Kenrick, 3107 W. Colorado Ave., No. 145, Colorado Springs, CO 80904.

4.      L&L is a Colorado limited liability company with its principal place of business in Greenwood Village, Colorado.  It may be served with process by serving L&L as its own registered agent, at 8400 E. Crescent Pkwy., Suite 450, Greenwood Village, Colorado, 80111.

5.      Upon information and belief, Flagstar is a banking corporation organized and existing under the laws of the United States of America, with its principal place of business located at 102 Duffy Avenue, Hicksville, New York.    Flagstar may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address, pursuant to Colo. Rev. Stat. § 7-90-704.

6.      WAB is an Arizona corporation, with its principal place of business in Phoenix, Arizona.   It may be served with process through its registered agent, United Agent Group Inc., 155 E. Boardwalk, No. 490, Fort Collins, CO 80525.

## JURISDICTION AND VENUE

7.      This is an action for copyright infringement, and arises under the laws of the United States of America codified at 17 U.S.C. §§ 101 *et seq*.

8.      This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338(a).

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

9.     Each defendant is subject to the personal jurisdiction of this Court because each of them resides or may be found in this District.

10.    Venue in this District is proper under 28 U.S.C. § 1400(a) because each defendant resides or may be found in this District.

## BACKGROUND

11.    This case involves the unauthorized use of WAGI's architectural works in connection with the marketing, construction, and sale of houses in two Colorado Springs, Colorado communities, which are known as "Commons at Victory Ridge," and "Centennial and Fillmore."

## WAGI

12.    WAGI is an architecture firm, and is engaged in the business of creating, publishing, distributing, advertising, and licensing architectural works and technical drawings depicting those architectural works, including residential home designs and plans for them.

13.    WAGI's principal is Mike Woodley ("Woodley").  Woodley is a celebrated and award-winning architect, who has been inducted into the William S. Marvin Hall of Fame for Design Excellence, and the California Homebuilding Hall of Fame for his lifetime achievements.   He has also judged major building design competitions throughout the United States.

## LOKAL PARTIES

14.    Lokal is a real estate developer.

15.    Lokal is the developer of the "Commons at Victory Ridge," and "Centennial and Fillmore" projects.

16.     At all material times Lokal has had a direct financial interest in the "Commons at Victory Ridge," and "Centennial and Fillmore" projects.

17.     At all material times Lokal has had the ability to supervise and control all activities associated with the "Commons at Victory Ridge," and "Centennial and Fillmore" projects, including those of Lokal Homes that are at issue in this case.

18.     Lokal Homes is a homebuilding company.

19.     According to ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████.

20.     According to ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████

21.     L&L is the sole member and sole owner of Lokal and Lokal Homes.

22.     The owners and members of L&L are Dave Lemnah ("Lemnah") and Ryan Lantz ("Lantz").

23.     At all material times L&L has had the legal power to supervise and control all of the activities of Lokal, including those at issue in this case.

24.     At all material times L&L has had a direct financial interest in all of the activities of Lokal, including those at issue in this case.

25.     At all material times L&L has had the legal power to supervise and control all of the activities of Lokal Homes, including those at issue in this case.

26.    At all material times L&L has had a direct financial interest in all of the activities of Lokal Homes, including those at issue in this case.

27.    As evidenced by at least an █████████████████████████████████ ████████████████████████████████████, Lokal, Lokal Homes, L&L, and other related entities that are owned by Lemnah and Lantz (including Grays Development Company, Inc. and Progressive Land Company, LLC) operate, with respect to the activities at issue in this lawsuit, as a practical partnership that operates under the trade names "Lokal" and "Lokal Homes."   This practical partnership will hereinafter be referenced to as the "Lokal Practical Partnership."

28.    Based upon at least an ████████████████████████████████████ ████████████████████████████, and information reflected therein, and additional evidence that will be obtained after a reasonable opportunity for further investigation or discovery, L&L has at all relevant times, through interlocking and overlapping directors, officers, and employees, controlled and made all relevant business decisions, and continues to control and make all business decisions, for all entities of the Lokal Practical Partnership, and thus at all times has had the legal power and ability to supervise and control the infringing activities of the entities of the Lokal Practical Partnership.

29.    Based upon at least an ████████████████████████████████████ ████████████████████████████, and information reflected therein, and additional evidence that will be obtained after a reasonable opportunity for further investigation or discovery, all profits made by all entities of the Lokal Practical Partnership from the infringing activities complained of herein have ultimately flowed,

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

and continue to flow, to L&L and/or its owners Lantz and Lemnah, or parties related to them, and thus L&L has at all material times had a direct financial interest in such infringing activities.

30.    At times material to this case, the "Director of Architecture" for Lokal, Lokal Homes, and the Lokal Practical Partnership was Nic Fleming.

31.    Colorado law (specifically, Colo. Rev. Stat. § 12-120-405) prohibits anyone not licensed as an architect by the State of Colorado from using the word "architecture" in their job title.

32.    Nic Fleming is not and never has been a licensed architect.

<u>LENDERS</u>

33.    WAB is a federally insured financial institution.

34.    Pursuant to an ███████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████ WAB is a construction lender to Lokal on the "Commons at Victory Ridge" project.

35.    The collateral securing the obligations owed to WAB ████████████ ████████████████████████ includes houses constructed in the "Commons at Victory Ridge" project.

36.    WAB has and has had a direct financial interest in the construction and sale of all such houses that were collateral for its loans, as WAB's loans were repaid from the proceeds of the sales of such houses.

---

2    A copy of the ███████ is on file in this case under seal at Docket No. 44-2.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

37.   Under the terms of the ███████████████████████, at all material times WAB has had the legal power and ability to supervise and control the construction of houses in the "Commons at Victory Ridge" project by Lokal and Lokal Homes, including the power to forbid or halt the construction of infringing houses.

38.   For example, ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████.

39.   Additionally, ██████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████.

40.   For further example, ██████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

41.    Additionally, 

42.    The WAB ▮▮▮ also contained ▮▮▮▮▮▮▮▮▮▮

43.    Additionally, WAB's actual exercise of its legal powers to supervise and control what would be constructed at the "Commons at Victory Ridge" project is evidenced by ▮▮▮▮▮▮▮▮▮▮▮▮

44.    WAB learned of this lawsuit and the infringing activities of the members of the Lokal Practical Partnership no later than October 21, 2024, when it was served with a subpoena that included a copy of WAGI's Complaint as an exhibit.

45.    On information and belief, WAB knew or was on notice of, or was willfully blind to, the existence of this lawsuit and the infringing activities of the members of the Lokal Practical Partnership before October 21, 2024.

46.    After learning of this lawsuit and WAGI's claims (or being willfully blind to them), which first occurred no later than October 21, 2024, WAB nevertheless continued to substantially aid, abet, assist, and facilitate the construction of infringing houses at the "Commons at Victory Ridge" project by continuing to provide construction financing and by declining to exercise its power to halt such construction.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

47.     Flagstar is a federally insured financial institution.

48.     Pursuant to an ███████████████████████████████████████████████
███████████[3] ███████████████████████████, and an ██████████████████████████
██████████████████████████ (collectively, the "Flagstar Loans"), as well as ██████████
████████████████████████████████████, Flagstar is a construction lender
to Lokal on the "Commons at Victory Ridge" and "Centennial and Fillmore" projects.

49.     The collateral securing the obligations owed to Flagstar under ██████████
████████████████████████████ includes houses constructed in the "Commons at
Victory Ridge" and "Centennial and Fillmore" projects.

50.     Flagstar has and has had a direct financial interest in the construction and
sale of all such houses that were collateral for its loans, as the loans were repaid from
the proceeds of the sales of such houses.

51.     Under the terms of the Flagstar Loans, ████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
██████.

52.     For example, ████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████.

---

[3]     A copy of this instrument is on file in this case under seal at Docket No. 44-6.

53.    Additionally, ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

54.    Additionally, Flagstar's actual exercise of its legal powers to supervise and control what would be constructed at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects is evidenced by █████████████████████████████

████████████████████████████████████████████

55.    Flagstar learned of this lawsuit and the infringing activities of the members of the Lokal Practical Partnership no later than October 29, 2024, when it was served with a subpoena that included a copy of WAGI's Complaint as an exhibit.

56.    On information and belief, Flagstar knew or was on notice of, or was willfully blind to, the existence of this lawsuit and the infringing activities of the members of the Lokal Practical Partnership before October 29, 2024.

57.    After learning of this lawsuit and WAGI's claims (or being willfully blind to them), which first occurred no later than October 29, 2024, Flagstar nevertheless continued to substantially aid, abet, assist, and facilitate the construction of infringing

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

houses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects by continuing to provide construction financing and by declining to exercise its power to halt such construction.

### THE WAGI-LOKAL HOMES RELATIONSHIP

58.    In the Fall of 2018, Lokal Homes engaged WAGI to design a series of townhouses for a development in Denver, Colorado known as Evans and Holly, a/k/a the Hub at Virginia Village (the "Hub at Virginia Village Project").

59.    WAGI specifically advised Lokal Homes in writing that WAGI would be the sole author and owner of all copyrights in all works WAGI created pursuant to its engagement.

60.    Lokal Homes agreed that WAGI would be the sole author and owner of all copyrights in all works WAGI created pursuant to its engagement.

61.    At no time has WAGI ever agreed to be a joint author with anyone for anything associated with the Hub at Virginia Village Project.

62.    WAGI and Lokal Homes agreed that conditioned on payment of the agreed sums, WAGI granted Lokal a nonexclusive license to use WAGI's designs **solely** for the purpose of constructing and maintaining the Hub at Virginia Village Project.

63.    WAGI further advised Lokal Homes in writing that Lokal Homes could not use WAGI's designs and drawings for other projects without WAGI's written consent and appropriate compensation to WAGI.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

64.     Lokal Homes agreed and understood that Lokal Homes could not use WAGI's designs and drawings for other projects without WAGI's written consent and appropriate compensation to WAGI.

65.     Pursuant to this engagement, on December 18, 2018 WAGI conducted a design charrette with Lokal Homes, at which Woodley and other WAGI personnel presented the designs of five townhouse units for the Hub at Virginia Village Project. These five townhouse designs are known as:

> Rowtowns Plan 1
>
> Rowtowns Plan 2
>
> Rowtowns Plan 3
>
> Carriage Towns Plan 1
>
> Carriage Towns Plan 2

These townhouse designs will hereinafter be referred to as the "WAGI Townhouse Designs."

66.     WAGI delivered additional drawings associated with the WAGI Townhouse Designs to Lokal in January 2019.

67.     Lokal Homes paid WAGI the agreed design and license fees of $179,490 in early 2019, and did not express to WAGI any dissatisfaction with WAGI's work on the WAGI Townhouse Designs.

68.     Lokal and/or Lokal Homes subsequently modified the WAGI Townhouse Designs to create five derivative works:

| WAGI Design | Lokal Derivative |
|---|---|
| Rowtowns Plan 1 | Henry |

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

| Rowtowns Plan 2 | Oliver |
|---|---|
| Rowtowns Plan 3 | Taylor |
| Carriage Towns Plan 1 | Clark |
| Carriage Towns Plan 2 | Baxter |

These derivative works will hereinafter be referred to as the "Lokal Derivative Designs."

69.    While WAGI's license to Lokal Homes authorized the creation, construction, and marketing of the Lokal Derivative Designs at the Hub at Virginia Village Project, WAGI never authorized the use of its designs or any derivatives of them on any other project.

70.    Lokal Homes subsequently constructed and marketed the buildings at the Hub at Virginia Village Project, which were composed of arrangements of the Lokal Derivative Designs, including arrangements designed by WAGI.

71.    Prior to completing construction on the Hub at Virginia Village Project, in August 2021 Lokal or Lokal Homes entered the design for that project in the 2021 Major Achievements in Merchandising Excellence **("MAME")** Awards competition for the Denver metro area, listing WAGI as the architect for that project.

72.    As part of its 2021 MAME Award entry, Lokal or Lokal Homes submitted the floorplans and exterior photographs of the Lokal Derivative Designs.

73.    The entry form for the 2021 MAME awards also required the entrant to submit a marketing statement that would "explain the major marketing objectives of the entry and why you think it deserves an award in the category entered," and "identify the target market, and unusual constraints or opportunities which the project presented, and how the marketing objectives were met."

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

74.     The marketing statement submitted by Lokal or Lokal Homes for this 2021 MAME Award entry was as follows:

> This community has presented numerous challenges and opportunities. Being an urban infill location in Virginia Village in Denver, CO, this community has been of heavy interest since we purchased the land.  The challenge of putting the puzzle together and figuring out how to best design this site has allowed us to bring the very best to our customers.  Working with our award-winning architectural partner and our own in-house studio, we have expertly crafted the perfect mix of product for this community.  Featuring two product lines, row townhomes and back to back cluster style townhomes, there is truly something for everyone.  These floor plans include generous outdoor patios, open layouts, and functional design.  The floor plans live like a single-family home, and every detail was intentional.  Things like floor plans featuring first floor studio suites are details that make sense for this location and demographic.  Buyers can use it as an in-law suite or even a short-term rental to generate extra income.  There is no shortage of desirable features for these buyers, including 2-car attached garages on all floor plans.  Our team was able to identify what is important and flawlessly integrate it into each floor plan in a unique way.

75.     The "award-winning architect partner" referenced in this marketing statement was Woodley / WAGI.

76.     On October 7, 2021, the Hub at Virginia Village Project was awarded a MAME Award.   The award citation was as follows:

> The Hub at Virginia Village
> By: Lokal Homes
> Marketing Director:  Alex Kaminsky
> Design:  Woodley Architectural Group

77.     Woodley and Lokal principal Dave Lemnah appeared together on stage at the MAME Awards ceremony to accept the award.

### LOKAL REUSES THE LOKAL DERIVATIVES

78.     Shortly after the MAME Award was announced, Lokal's "Director of Architecture" Nic Fleming contacted WAGI architect Graham Denton and advised WAGI

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

that Lokal wanted to use the WAGI Townhouse Designs in two communities in Colorado Springs, and requested invoices for the repeat fees that would be required for such use.

79.    These two communities are the "Commons at Victory Ridge" and "Centennial and Fillmore" projects.

80.    At all material times, Lokal, Lokal Homes, L&L, and the other members of the Lokal Practical Partnership actually knew, were on notice of, or were willfully blind to WAGI's copyrights in the WAGI Townhouse Designs and the lack of any license to use them on any project other than the Hub at Virginia Village.

81.    WAGI subsequently learned that Lokal, Lokal Homes, and/or other members of the Lokal Practical Partnership had in fact in April 2021 prepared (or had induced others to prepare) and distributed PUD (Planned Unit Development) development plans for these two projects, approximately six months before Nic Fleming contacted WAGI's Graham Denton.    These PUD development plans included unit footprints and elevations of the WAGI Townhouse Designs or derivatives thereof.

82.    WAGI never authorized the creation and distribution of such PUD development plans, nor any other use of WAGI Townhouse Designs or derivatives thereof in connection with the "Commons at Victory Ridge" or "Centennial and Fillmore" projects.

83.    In late 2021, Dave Lemnah contacted Woodley and expressed a desire to "get square with" WAGI regarding the Lokal Practical Partnership's reuse of derivatives of the WAGI Townhouse Designs in these two Colorado Springs projects.

84.    In early 2022, WAGI sent Lokal proposals for the reuse of the WAGI Townhouse Designs and derivatives of them on these two Colorado Springs projects.

Unredacted Version Contains Materials Designated "Attorneys Eyes Only" Under Protective Order

The parties, however, never reached an agreement regarding such reuse, and WAGI never authorized such reuse.

85.    Despite the fact that Lokal had no authorization from WAGI to use the WAGI Townhouse Designs or derivatives of them on any project other than the Hub at Virginia Village Project, beginning in February 2022 Lokal and/or Lokal Homes created and distributed construction drawings for the two Colorado Springs projects. These construction drawings included buildings composed of arrangements of the Lokal Derivative Designs, including arrangements that WAGI designed.

86.    During this same period, Lokal, Lokal Homes, and/or other members of the Lokal Practical Partnership induced others (including Bowman Consulting Group, Ltd., Ei Engineering, Galloway, and N.E.S., Inc.) to create and distribute engineering and construction drawings for these two Colorado Springs projects. These engineering and construction drawings included derivatives of the WAGI Townhouse Designs.

87.    At the time such other persons were induced to create and distribute engineering and construction drawings for these two Colorado Springs projects, Lokal, Lokal Homes, and the other members of the Lokal Practical Partnership knew, were on notice of, or were willfully blind to the fact that WAGI was the sole author of and sole owner of the copyrights in the WAGI Townhouse Designs.

88.    At the time such other persons were induced to create and distribute engineering and construction drawings for these two Colorado Springs projects, Lokal, Lokal Homes, and the other members of the Lokal Practical Partnership knew, were on notice of, or were willfully blind to the fact that WAGI had not been paid any compensation for the use of derivatives of the WAGI Townhouse Designs on these

projects, and that Lokal and WAGI had not come to any agreement concerning such use.

89.    At all material times, Lokal had the ability to supervise and control the activities of these other persons that created and distributed engineering and construction drawings for these two Colorado Springs projects, including the ability to direct such persons not to include derivatives of the WAGI Townhouse Designs in such drawings.

90.    At all material times, Lokal had a direct financial interest in the development of these two Colorado Springs projects, which included the creation and distribution of engineering and construction drawings for them.

91.    WAGI communicated with Lokal on June 28, 2022 and August 8-10, 2022, reminding Lokal of the need to obtain and pay for licenses from WAGI for Lokal to lawfully use derivatives of the WAGI Townhouse Designs on the "Commons at Victory Ridge" and "Centennial and Fillmore" projects.

92.    On August 17, 2022, Lokal's attorney wrote WAGI, denying that any contract ever existed between Lokal and WAGI concerning the "Commons at Victory Ridge" or "Centennial and Fillmore" projects, and refusing to pay WAGI for the use of the WAGI Townhouse Designs or derivatives of them on those projects.

93.    On August 22, 2022, through counsel, WAGI responded to this letter, permanently withdrawing all offers to license the use of the WAGI Townhouse Designs or derivatives of them on any projects other than the Hub at Virginia Village Project. While denying that Lokal had any sort of implied license to use the WAGI Townhouse

Designs or derivatives of them on any other projects, this letter also explicitly terminated any putative implied license to do so.

94.    This letter also demanded that Lokal cease and desist from all further use of the WAGI Townhouse Designs or derivatives of them on the two Colorado Springs projects.

95.    Lokal did not comply with WAGI's cease and desist demand, but instead it, Lokal Homes, and the other members of the Lokal Practical Partnership have continued to develop, construct, market, and sell units at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, including the construction and marketing of townhouses that are derivatives of the WAGI Townhouse Designs.

96.    Lokal induced Lokal Homes to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs.

97.    Lokal Homes has constructed townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs.

98.    Lokal and Lokal Homes have also induced other persons to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs.

99.    At the time Lokal and Lokal Homes induced other persons to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs, both Lokal and Lokal Homes

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

were aware that WAGI was the sole author of and sole owner of the copyrights in the WAGI Townhouse Designs.

100.    At the time Lokal and Lokal Homes induced other persons to construct the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse, Lokal and Lokal Homes knew they had not paid WAGI any compensation for the use of derivatives of the WAGI Townhouse Designs on these projects, and that WAGI had not agreed to any such use.

101.    At all material times, Lokal had the ability to supervise and control the activities of these other persons that constructed the townhouses at these two Colorado Springs projects, including the ability to direct such persons not to construct designs that were derivatives of the WAGI Townhouse Designs.

102.    At all material times, Lokal had a direct financial interest in the development of these two Colorado Springs projects, including the construction of townhouses in them.

103.    As part of the marketing of the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has advertised to the public that townhouses of the same Lokal Derivative Designs that were constructed at the Hub at Virginia Village Project were being constructed at these two Colorado Springs projects, and were available for purchase.  Such advertising included webpages on Lokal's website, lokalhomes.com.

104.    Lokal has also used the townhouses constructed in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects as instrumentalities of advertising.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

105.   Lokal has sold and is continuing to sell townhouses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that are derivatives of the WAGI Townhouse Designs.

## WORKS IN SUIT

106.   WAGI has registered its architectural works copyrights in the WAGI Townhouse Designs under Certificate of Registration VA2-346-599 ("Rowtowns and Carriage 5-Plex").

107.   In issuing this registration, the United States Copyright Office has ruled that "this registration covers all of the protected expressions included in that building design, including the designs of the individual constituent units."

108.   In issuing this registration, the United States Copyright Office has also ruled that "it also covers all of the protected expressions as they appear in any concurrent or subsequent versions or editions, including alternative arrangements of the individual units."

109.   The WAGI Townhouse Designs are copyrightable subject matter under 17 U.S.C. § 102(a)(8).

110.   The WAGI Townhouse Designs and WAGI's arrangements of them constitute and contain material wholly original to WAGI, including the overall look and feel of each of the works, and the selection and arrangement of the constituent parts of each of the works.

111.   WAGI independently created the WAGI Townhouse Designs and WAGI's arrangements of them from scratch, and did not copy them from anyone else's work.

The WAGI Townhouse Designs and WAGI's arrangements of them are thus wholly "original" under the standard articulated by the Supreme Court:

> "Original," as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. . . . [T]he requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark.

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

112.    Woodley's narrative description of the creative process and reasonings in the design of the WAGI Townhouse Designs and his arrangements of them is attached as Exhibit A, all of which is hereby incorporated by reference.

113.    The creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them include:

A.    the arrangement, composition, and proportions of exterior features and massing.

B.    the shape, size, location, and proportions of interior spaces.

C.    the selection and placement of design features and elements.

D.    the selection and placement of architectural details.

114.    Putting together all of the pieces and shapes that make up each of the WAGI Townhouse Designs and WAGI's arrangements of them was a product of creativity of Woodley and other WAGI employees. The overall configuration and arrangement of spaces, elements, and features in the design is not a collection or compilation of standard rooms and elements of pre-existing forms. To the contrary, the

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

shapes and sizes of the rooms and spaces, the shapes and sizes of the exterior elements and features, and the piecing together and placement of all of the spaces, design features and other architectural details to fit them into an overall whole come from the mind and creativity of Woodley and other WAGI employees as the design was created.

115.    In creating each of the WAGI Townhouse Designs and WAGI's arrangements of them, Woodley and other WAGI employees had many different architectural and design styles and hybrid styles to choose from, both as to the exterior and interior; a wide range of possible overall square footages; variations of the shape of the exterior "footprint" and exterior elevations; and infinite variations of how and where the designer placed rooms and spaces together within the footprint and how these in turn affected the exterior elevations; all of which came from the hard work, imagination, and creativity of Woodley and other WAGI employees and not through collecting and assembling standard or pre-existing forms.

116.    The creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them (including their choices and arrangements of the individual constituent elements) have been fixed in tangible mediums of expression (i.e., WAGI's drawings depicting the WAGI Townhouse Designs and WAGI's arrangements of them).

117.    These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, are each original expressions protected by copyright.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

118.    These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, were not dictated by function, but were aesthetic choices.

119.    These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, were not the only way such ideas could have been expressed.

120.    These creative decisions made by Woodley and other WAGI employees in the design of the WAGI Townhouse Designs and WAGI's arrangements of them, as fixed in such tangible mediums of expression, were not standard or generic.

## COUNT I: COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 501 *et seq.*)

121.    WAGI complains of defendants for copyright infringement, and realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 120 above.

122.    By creating construction drawings for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal and Lokal Homes have violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

123.    By distributing construction and engineering drawings for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal and Lokal Homes have violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

124.    The creation of construction and engineering drawings by others for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, at the inducement of Lokal and/or Lokal Homes, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

125.    The distribution of construction and engineering drawings by others for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, at the inducement of Lokal and/or Lokal Homes, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

126.    By distributing advertising materials for the "Commons at Victory Ridge" and "Centennial and Fillmore" projects that include floorplan drawings, Lokal and other members of the Lokal Practical Partnership have violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

127.    By constructing the townhouses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal and Lokal Homes have violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

128.    The construction of townhouses at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects by others, at the inducement of Lokal and Lokal Homes, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to reproduce and the right to prepare derivative works.

UNREDACTED VERSION CONTAINS MATERIALS DESIGNATED "ATTORNEYS EYES ONLY" UNDER PROTECTIVE ORDER

129.    By marketing and selling the townhouses constructed at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, Lokal has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

130.    The marketing and sales of the townhouses constructed at the "Commons at Victory Ridge" and "Centennial and Fillmore" projects by others, at the inducement of Lokal and other members of the Lokal Practical Partnership, has violated WAGI's exclusive rights in the WAGI Townhouse Designs, including the right to distribute.

131.    Pursuant to 17 U.S.C. § 504(b), WAGI is entitled to recover its actual damages suffered as a result of these infringements from Lokal and Lokal Homes.

132.    Pursuant to 17 U.S.C. § 504(b), WAGI is entitled to recover from Lokal, Lokal Homes, and L&L, all profits of Lokal, Lokal Homes, and the other members of the Lokal Practical Partnership that are attributable to its infringing activities.

133.    Lokal is also vicariously liable for the infringing acts of Lokal Homes associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal Homes that are attributable to its infringing activities.

134.    Lokal is also contributorily liable for the infringing acts of Lokal Homes associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal Homes that are attributable to its infringing activities.

135.    Lokal is also vicariously liable for the infringing acts of others associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as

such is liable to WAGI for the profits of such other persons that are attributable to their infringing activities.

136.    Lokal is also contributorily liable for the infringing acts of others associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is liable to WAGI for the profits of such other persons that are attributable to their infringing activities.

137.    Lokal Homes is also contributorily liable for the infringing acts of others associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects (including other members of the Lokal Practical Partnership), and as such is liable to WAGI for the profits of such other persons that are attributable to their infringing activities.

138.    L&L is vicariously liable for the infringing acts of Lokal, Lokal Homes, and other members of the Lokal Practical Partnership that are associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal or Lokal Homes that are attributable to their infringing activities.

139.    WAB is vicariously liable for the infringing acts of Lokal and Lokal Homes associated with the "Commons at Victory Ridge" project, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal or Lokal Homes that are attributable to their infringing activities.

140.    WAB is contributorily liable for the infringing acts of Lokal and Lokal Homes associated with the "Commons at Victory Ridge" project that occurred after WAB first learned of, was on notice of, or was willfully blind to the facts of this lawsuit or

WAGI's claims, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal or Lokal Homes that are attributable to such infringing acts.

141.   Flagstar is vicariously liable for the infringing acts of Lokal and Lokal Homes associated with the "Commons at Victory Ridge" and "Centennial and Fillmore" projects, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal or Lokal Homes that are attributable to their infringing activities.

142.   Flagstar is contributorily liable for the infringing acts of Lokal and Lokal Homes associated with the "Commons at Victory Ridge" and "Centennial at Fillmore" projects that occurred after Flagstar first learned of, was on notice of, or was willfully blind to the facts of this lawsuit or WAGI's claims, and as such is jointly and severally liable to WAGI for any award of actual damages or profits against Lokal or Lokal Homes that are attributable to such infringing acts.

143.   As members of the Lokal Practical Partnership, Lokal, Lokal Homes, and L&L are each jointly and severally liable for any profits earned by any member of the Lokal Practical Partnership that are attributable to the acts of infringement detailed above.

144.   Pursuant to 17 U.S.C. § 502, WAGI is entitled to preliminary and permanent injunctive relief to restrain the infringement of its copyrights in the WAGI Townhouse Designs, including but not limited to the further reproduction or distribution of construction, engineering, or marketing materials that include derivatives of the WAGI Townhouse Designs, and further construction, marketing, sale, rental, or other

distribution of the townhouses in the "Commons at Victory Ridge" and "Centennial and Fillmore" projects.

145.    Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of its exclusive rights.

COUNT II:  CONDITIONAL DEMAND FOR ACCOUNTING

146.    WAGI next asserts a conditional demand for an accounting against Lokal, Lokal Homes, and L&L, and incorporates paragraphs 1-145 above.

147.    While WAGI denies that anyone was a joint author with WAGI in the WAGI Townhouse Designs, in its Answer to the original Complaint in this action, Lokal has asserted that it somehow was a joint author in such works, and WAGI anticipates that other members of the Lokal Practical Partnership will do likewise.

148.    While WAGI denies that anyone was a joint author with WAGI in the WAGI Townhouse Designs, or that WAGI was a co-author in the Lokal Derivatives (as those works are *derivatives* of the WAGI Townhouse Designs, not jointly authored works), in the event that the Court finds that either the WAGI Townhouse Designs or the Lokal Derivatives were jointly authored works by WAGI and Lokal (or another member of the Lokal Practical Partnership), then as a co-author WAGI demands an accounting for its half of the profits on each of the "Hub at Virginia Village," the "Commons at Victory Ridge," and the "Centennial and Filmore" projects.

149.    For any putatively co-authored work, Lokal (or whatever other member of the Lokal Practical Partnership claims to be a co-author with WAGI) has a duty to

account to WAGI for the profits earned from the exploitation of the putatively co-authored work.

150.    As there is no agreement between WAGI and any putative co-author as to the division of profits from the exploitation of the asserted jointly-authored work, WAGI is entitled to a coequal share of the profits earned by Lokal or members of the Lokal Practical Partnership from the construction and sales of all houses constructed from such works.

151.    Accordingly, if this Court determines that the WAGI Townhouse Designs or the Lokal Derivatives are jointly-authored works, then WAGI demands an accounting of the profits from the "Hub at Virginia Village," the "Commons at Victory Ridge," and the "Centennial and Filmore" projects, and that it be awarded a judgment for half of such profits from its putative co-author.

## CONDITIONS PRECEDENT

152.    WAGI generally avers that all conditions precedent to its rights of recovery have occurred or have been performed.

## JURY DEMAND

153.    Pursuant to Federal Rule of Civil Procedure 38, WAGI demands trial by jury on all issues so triable.

WHEREFORE, Woodley Architectural Group, Inc. prays that defendants be cited to appear and answer, and that upon final trial that it have and recover from defendants as requested herein, that it have injunctive and destructive relief as requested herein, and that it have such and other relief as it may show itself to be entitled.

Date: December 2, 2024          Respectfully submitted,

By:     */s/ Louis K. Bonham*
        Louis K. Bonham
        bonham@obwb.com
        Peter J. Schechter
        schechter@obwb.com
        Osha Bergman Watanabe & Burton, LLP
        1100 Louisiana Street, Suite 4900
        Houston, Texas 77002
        713.228.8600 Telephone
        713.228.8778 Facsimile

        */s/ Kris J. Kostolansky*
        Kris J. Kostolansky
        Caitlin McHugh
        Emily Bain
        **LEWIS ROCA**
        1601 19th St., Suite 1000
        Denver, Colorado 80202
        Telephone: (303) 623-9000
        FAX: (303) 623-9222
        Email: kkostolansky@lewisroca.com
                cmchugh@lewisroca.com
                ebain@lewisroca.com

        COUNSEL FOR PLAINTIFF
        WOODLEY ARCHITECTURAL GROUP, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of December 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record through the Court's ECF system.

        */s/ Emily Bain*
        Emily Bain