IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-03004-CNS-KAS

WOODLEY ARCHITECTURAL GROUP, INC.,

     Plaintiff,

v.

LOKAL COMMUNITIES, LLC, LOKAL HOMES, LLC,
L&L HOLDING COMPANY, LLC, FLAGSTAR BANK,
NATIONAL ASSOCIATION f/k/a FLAGSTAR BANK,
FSB, and WESTERN ALLIANCE BANK,

     Defendants.

---

## ORDER

---

Before the Court are Defendant Western Alliance Bank's Motion to Dismiss, ECF No. 99, and Flagstar Bank's Motion to Dismiss, ECF No. 98. For the following reasons, Westen Alliance Bank's dismissal motion is GRANTED in part and DENIED in part, and Flagstar's dismissal motion is GRANTED in part and DENIED in part.

## I.     BACKGROUND

The following background facts are taken from the well-pleaded allegations in Plaintiff Woodley Architectural Group, Inc.'s (Woodley's) First Amended Complaint. *See Porter v. Ford Motor Co.*, 917 F.3d 1246, 1247 n.1 (10th Cir. 2019).

This dispute arises from Defendant real estate developer Lokal's[1] marketing, construction, and sale of houses in two Colorado Springs, Colorado communities: "Commons at Victory Ridge" (Victory Ridge) and "Centennial and Fillmore" (Centennial). ECF No. 57 at 3 ¶ 11. Plaintiff alleges that certain Lokal entities improperly used Woodley's copyrighted architectural designs in developing Victory Ridge and Centennial without authorization from Woodley. *Id.* at 23–25 ¶¶ 122–132.

Plaintiff alleges that Western Alliance Bank (WAB) was a construction lender to Lokal on the Victory Ridge development pursuant to a Revolving Construction Loan Agreement dated August 8, 2022 (WAB CLA). *Id.* at 6 ¶ 34 (citing ECF No. 44-2 (WAB CLA)). Plaintiff also alleges that Flagstar Bank, National Association f/k/a Flagstar Bank, FSB (Flagstar) was a construction lender to Lokal on the Victory Ridge and Centennial developments pursuant to the August 5, 2021 Third Amended and Restated Loan Agreement, and the August 1, 2024 Fourth Amended and Restated Loan Agreement (collectively, the Flagstar CLA). *Id.* at 9 ¶ 48 (citing ECF No. 44-6 (Flagstar CLA)). Plaintiff alleges that WAB and Flagstar (together, the Bank Defendants) each learned of Lokal's alleged infringement after being served with a copy of the complaint in this action on October 21, 2024, and October 29, 2024, respectively, *id.* at 8, 10 ¶¶ 44, 55, and that each Bank Defendant "was on notice of, or was willfully blind to" Lokal's infringement prior to receiving the complaint, *id.* at 8, 10 ¶¶ 45, 56. Plaintiff further alleges that the Bank Defendants continued providing Lokal with funding for the infringing projects even after

---

[1] For purposes of this order, the Court uses "Lokal" to refer collectively to Defendants Lokal Communities, LLC; Lokal Homes, LLC; and L&L Holding Company, LLC. The Lokal Entities do not join the motions at issue.

learning of Lokal's infringement. *Id.* at 8, 10–11 ¶¶ 46, 57. Plaintiff asserts that by providing "construction financing" to Lokal both before and after being served with the complaint in this action, and by "declining to exercise [their] power [under the CLAs] to halt such construction" of the Victory Ridge project as to WAB, and as to both the Victory Ridge and Centennial projects as to Flagstar, *id.* at 8, 10–11 ¶¶ 46, 57, the Bank Defendants facilitated and "had a direct financial interest in" Lokal's construction of the infringing houses, *id.* at 6, 9 ¶¶ 36, 50. *See also id.* at 6–11 ¶¶ 34–57; ECF No. 44-2 (WAB CLA); ECF No. 44-6 (Flagstar CLA).[2]

In its First Amended Complaint (FAC), Plaintiff brings direct and secondary copyright infringement claims against certain Lokal entities for their unauthorized use of Woodley's architectural designs in connection with the development of Victory Ridge and Centennial. *Id.* at 24–26 ¶¶ 125–138. Plaintiff also joined the Bank Defendants in the FAC, asserting claims for contributory copyright infringement and vicarious liability for copyright infringement against each. *Id.* at 26–27 ¶¶ 139–142. Plaintiff also seeks to hold the Bank Defendants jointly and severally liable for "for any award of actual damages or profits against [the Lokal entities] that are attributable to [the Lokal entities'] infringing activities." *Id.*

---

[2] As Plaintiff relies on selective quotations and characterizations from the CLAs in the FAC, and the CLAs are central to Plaintiff's claims, the Court may consider the agreements in deciding the Bank Defendants' dismissal motions. *See, e.g., EEOC v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1365 (D. Colo. 2023) ("In evaluating a Rule 12(b)(6) motion to dismiss, the Court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice.") (citation omitted).

## II.    LEGAL STANDARD

In reviewing a motion to dismiss, the Court accepts "the well-pleaded facts alleged as true and view[s] them in the light most favorable to the plaintiff[;]" however, it "need not accept 'threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements,' or allegations plainly contradicted by properly considered documents or exhibits." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (citations and alterations omitted). "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Id.* (citing *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

The bar for surviving a motion to dismiss is low, *Quintana* v. *Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Woods* v. *City of Greensboro*, 855 F.3d 639, 652 (4th Cir. 2017) ("Whether [a plaintiff] will have a difficult time establishing the merits of its claim is of little import now.").

## III.    ANALYSIS

Plaintiff seeks to hold the Bank Defendants secondarily liable for contributory copyright infringement and vicarious liability based on the Lokal entities' direct copyright infringement. Both Flagstar and WAB move to dismiss the claims against them. As a threshold mater, the Court notes that the parties do not dispute the sufficiency of Plaintiff's

direct copyright infringement claims against the Lokal entities, and so the Court assumes the direct copyright infringement claims are sufficiently pleaded. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1031 (9th Cir. 2013) ("It is well-established that secondary liability for copyright infringement does not exist in the absence of direct infringement[.]" (quotation and alteration omitted)). Nor do the parties contest the appropriate elements required to plead contributory liability or vicarious liability. *See Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013). Accordingly, the Court proceeds to analyze, in turn, the arguments that WAB and Flagstar advance in urging dismissal of the contributory liability and vicarious infringement liability claims against them. The Court also addresses Flagstar's argument that Plaintiff's request to hold defendants jointly and severally liable for damages is improper and must be dismissed.

### A. WAB's Motion to Dismiss

In its dismissal motion, WAB argues that Plaintiff's contributory and vicarious copyright infringement claims are inadequately pleaded and must be dismissed. *See generally* ECF No. 99. Below, the Court analyzes WAB's arguments in turn and explains why WAB's dismissal motion is GRANTED in part and DENIED in part.

### 1. Contributory Copyright Infringement

With respect to Plaintiff's contributory infringement claim, WAB urges dismissal because (1) Plaintiff fails to adequately allege that WAB had knowledge of Lokal's alleged direct infringement before October 21, 2024, when Plaintiff served WAB with a subpoena and complaint in this action; and (2) Plaintiff fails to plead any active steps taken by WAB

to contribute to or encourage Lokal's alleged direct infringement. *See id.* at 7–13. In response, Plaintiff argues that it sufficiently alleged WAB's knowledge and that WAB's provision of funds to Lokal, both before and after October 21, 2024, constitute a material contribution to Lokal's infringement. *See* ECF No. 105 at 11–16.

To adequately plead a claim for contributory liability for copyright infringement, Plaintiff must sufficiently allege that the defendant (1) "knows of the [direct] infringement," and (2) "'causes or materially contributes to another's infringing activities." *Diversey*, 738 F.3d at 1204 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 264 (9th Cir.1996)). The Court agrees with WAB that Plaintiff has failed to meet its burden here. Although Plaintiff has adequately pleaded WAB's knowledge of direct infringement after October 21, 2024, when WAB was served with the complaint in this action, Plaintiff fails to allege, as it must, actions to show that WAB materially contributed to the infringing activities, beyond providing funding, either before or after WAB was served with the complaint. Therefore, as explained further below, Plaintiff's contributory liability claim is dismissed.

a. *Knowledge of Infringement*

WAB first argues that other than alleging that WAB learned of this litigation and the allegations of Lokal's copyright infringement on October 21, 2024, when Plaintiff served WAB with the complaint, Plaintiff "does not and cannot allege that WAB was aware that Lokal was allegedly using [Woodley's] copyrighted home plans without authorization prior

to October 21, 2024." ECF No. 99 at 8.[3] With respect to WAB's knowledge prior to receiving the complaint, the Court agrees that Plaintiff fails to adequately allege that WAB knew of Lokal's alleged direct infringement before October 21, 2024.

For a contributory copyright infringement claim to survive a motion to dismiss, "plaintiff must allege that the defendant 'with knowledge of the infringing activity' induced, caused, or materially contributed to the infringing conduct of another." *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 12-cv-02240-PAB-DW, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013) (quoting *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012)). The complaint must contain non-conclusory allegations that a defendant knew of "specific and identifiable infringements of individual items." *Id.* (citations omitted).

To support its contention that WAB knew of the alleged infringement prior to being served with the complaint, Plaintiff relies on its allegation that WAB "knew of, or was willfully blind to, Lokal's infringing activities *before* October 21, 2024." ECF No. 105 at 12 (citing ECF No. 57 at 8 ¶ 4[5]) (emphasis in original). But standing alone, this type of conclusory allegation, which is "nothing more than a recitation of one element of a contributory copyright infringement claim," is insufficient to sustain Plaintiff's claim. *Viesti*, 2013 WL 4052024, at *7.

---

[3] As WAB appears to raise no issue with Plaintiff's allegations regarding its knowledge of infringement after October 21, 2024, the Court presumes Plaintiff's allegations regarding WAB's post-October 21, 2024 knowledge are adequately pleaded. *See Pertile v. Gen. Motors, LLC*, No. 15-cv-0518-WJM-NYW, 2017 WL 4237870, at *6 (D. Colo. Sept. 22, 2017) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.") (citing *Phillips v. Calhoun*, 956 F.2d 949, 953–54 (10th Cir. 1992)).

Plaintiff also argues that because it put forth allegations regarding a provision of the WAB CLA concerning Lokal's ongoing obligation to disclose to WAB any "pending or threatened litigation . . . that could result in a loss of more than $50,000," it is plausible to infer that Lokal would have disclosed this lawsuit to WAB at an earlier time. ECF No. 105 at 12 (citing ECF No. 57 at 8 ¶ 42). The Court disagrees. Although Plaintiff has sufficiently pleaded Lokal's litigation disclosure obligations, the complaint does not include *any* allegations—as it must—as to how or when Lokal allegedly made this information known to WAB. *See, e.g*, *Viesti*, 2013 WL 4052024, at *7 (noting that liability requires knowledge of "specific and identifiable infringements of individual items") (citations omitted). Even reading the complaint in its entirety, *see Clinton*, 63 F.4th at 1280, it appears that the first "threat" of this litigation occurred "[o]n August 17, 2022, [when] Lokal's attorney wrote [Woodley], denying that any contract ever existed between Lokal and [Woodley] concerning the 'Commons at Victory Ridge' or 'Centennial and Fillmore' projects, and refus[ed] to pay [Woodley] for the use of the [Woodley] Townhouse Designs or derivatives of them on those projects." ECF No. 57 at 17 ¶ 92. Fatally, the complaint fails to allege how or when Lokal made WAB aware of this threat. Plaintiff's attempt to connect those dots in its response brief cannot remedy the deficiency in its pleading. *See Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) ("Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss.").

Accordingly, the Court finds that Plaintiff has failed to plead any specific, non-conclusory allegations with respect to WAB's knowledge of Lokal's direct infringement before WAB was served with the complaint. Further, as discussed below, Plaintiff has

failed to plead any material contribution by WAB either before or after service of the complaint.

### b. *Material Contribution*

In addition to knowledge, in order for the contributory infringement claim to survive WAB's dismissal motion, Plaintiff must also allege that WAB's participation in the direct infringement constitutes a "material contribution" or "'purposeful, culpable expression and conduct' that is shown by 'affirmative steps taken to foster infringement.'" *Viesti*, 2013 WL 4052024, at *7 (citing *MetroGoldwyn–Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 936 (2005)). WAB argues that Plaintiff fails to meet this standard because Plaintiff's allegation that WAB provided the "means" (via funding) to support Lokal's infringement is insufficient to establish a material contribution. *See generally* ECF No. 99 at 10–13. In response, Plaintiff argues that because it has pleaded that WAB "continue[d] providing Lokal with the means to commit further acts of copyright infringement," ECF No. 105 at 15, even after learning of Lokal's infringement allegations, it sufficiently alleges that WAB's actions constitute a material contribution, *see generally* ECF No. 105 at 13–16. The Court agrees with WAB.

It is true that "[o]ne way of establishing contributory liability is by showing a defendant 'authorized the infringing use.'" *Greer v. Moon*, 83 F.4th 1283, 1287–88 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (citing *Diversey*, 738 F.3d at 1204). "[T]o be deemed a contributory infringer, the authorization or assistance must bear some direct relationship to the infringing acts, and the person rendering such assistance or giving such authorization must be *acting in concert* with the infringer." *Id.* (citing Melville B.

Nimmer & David Nimmer, *Nimmer on Copyright* § 12.04[A][3][a] (2023)) (emphasis added). However, whether proceeding under the "affirmative assistance" or "authorization" theory, Plaintiff must still allege facts sufficient to establish "a *demonstration of 'an affirmative intent' to infringe*, such as evidence of 'active steps taken to encourage direct infringement.'" *Shell v. Henderson*, No. 09-cv-00309-MSK-KMT, 2013 WL 2394935, at *40 (D. Colo. 2013) (citing *Grokster*, 545 U.S. at 936) (emphasis added). This is true even if it is alleged that a defendant failed to take affirmative steps to prevent infringement. *See Viesti*, 2013 WL 4052024, at *7 ("Without factual allegations describing instances of [defendant] encouraging or promoting third parties to infringe . . . , the complaint does not permit the Court to infer more than the mere possibility of [defendant's] misconduct. However, allegations that are merely consistent with the possibility that [defendant] is liable fail to state a plausible claim for relief.") (citation omitted).

Plaintiff relies heavily on a Fourth Circuit case, *Sony Music Ent. v. Cox Commc'ns, Inc.*, to support its contention that by continuing to provide Lokal with funding after receiving notice of this action, WAB materially contributed to Lokal's infringement. ECF No. 105 at 14–15. In *Sony*, the Fourth Circuit affirmed a jury's finding that the defendant internet provider, Cox, materially contributed to its subscribers' infringement by continuing to supply subscribers with internet service despite its "knowledge that the recipient[s] [would] use it to infringe copyrights." 93 F.4th 222, 236 (4th Cir. 2024), *cert. granted*, 145 S. Ct. 2841 (2025), and *cert. denied*, 145 S. Ct. 2844 (2025). The Fourth Circuit reasoned that although "'mere failure to take affirmative steps to prevent infringement' does not establish contributory liability 'in the absence of other evidence of intent,'" *id.* (citing

*Grokster*, 545 U.S. at 939 n.12 (alterations omitted)), the evidence established more than Cox's failure to act. In support of its decision, the Fourth Circuit concluded that "[t]he evidence at trial, viewed in the light most favorable to Sony, showed more than mere failure to prevent infringement[;]" rather, it demonstrated that "Cox knew of specific instances of repeat copyright infringement occurring on its network," and after taking steps to investigate, "chose to continue providing monthly internet access to those users despite believing the online infringement would continue because it wanted to avoid losing revenue." *Id.* at 236–37. The Fourth Circuit held that these acts, along with the evidence of "Cox's increasingly liberal policies and procedures for responding to reported infringement on its network," were sufficient to support a finding that "Cox materially contributed to copyright infringement on its network." *Id.*

Here, Plaintiff pleads no facts establishing that WAB provided Lokal with construction funding with the *intent* to cause copyright infringement. At most, Plaintiff's allegations, when viewed in the light most favorable to Plaintiff, establish that WAB failed to prevent Lokal's alleged infringement. But those allegations do not establish that WAB acted with *intent* or "engage[d] in personal conduct that encourages or assists the infringement," as Plaintiff is required to do. *Viesti*, 2013 WL 4052024, at *7 (quoting *Grokster,* 545 U.S. at 937). Accordingly, absent additional allegations to establish WAB's intent, or allegations that WAB did more than continue to provide construction funding, dismissal of the contributory infringement claim is proper. *See Viesti*, 2013 WL 4052024, at *7; *cf. Antarctica Films Argentina, S.A. v. Gaia, Inc.*, 662 F. Supp. 3d 1191, 1208 (D. Colo. 2023) (allegations that defendant's continued funding of a movie project constitute

"affirmative steps" to foster infringement are sufficient to allege contributory liability where plaintiff also alleged that the defendant providing funding had multiple conversations with the direct infringer about their lack of production rights and still provided the direct infringer with "money and encouragement to proceed with such direct infringement"). Where, as discussed above, Plaintiff has failed to sufficiently allege knowledge and a material contribution to the direct infringement, Plaintiff's claim for contributory infringement cannot survive dismissal. *See Viesti*, 2013 WL 4052024, at *7.

### 2.  Vicarious Copyright Infringement Liability

WAB also argues that Plaintiff's vicarious copyright infringement claim should be dismissed because Plaintiff (1) failed to plausibly allege that WAB had the right to control "either the home plans, the drafting or content of the home plans, nor the Lokal Defendants or their employees," ECF No. 99 at 13, and (2) did not "identify any basis for its allegation that WAB has a direct financial interest in the construction and sale of the [allegedly infringing] homes at issue," *id.* at 15; *see also generally id.* at 13–16. In response, Plaintiff argues that it has sufficiently alleged that (1) the CLA gave WAB "the power to forbid or halt the construction of infringing houses," ECF No. 105 at 6 (citing ECF No. 57 at 7 ¶ 37); (2) WAB's commissioning of appraisals of Victory Ridge demonstrates its ability to control the infringement, *id.* at 7–8 (citing ECF No. 57 at 8 ¶ 43); (3) "the infringing [properties]. . . are collateral for [WAB's] loans (*i.e.*, that [WAB] has a security interest in each infringing house)," *id.* at 10 (citing ECF No. 57 at 6 ¶¶ 35–36); and (4) WAB's "loans are being repaid from the sales of such infringing houses," *id.*

In contrast with contributory liability, vicarious liability has no knowledge requirement and instead "attaches when the defendant 'has the right and ability to supervise the infringing activity' and 'has a direct financial interest in such activities.'" *Diversey*, 738 F.3d at 1204 (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). As outlined below, the Court agrees with WAB that Plaintiff has failed to allege these elements before October 21, 2024, when WAB received notice of Plaintiff's allegations against Lokal. After it received notice of this lawsuit, however, WAB had additional authority over and interest in the infringing properties, such that Plaintiff has sufficiently pleaded its claim for vicarious liability.

a.  *Right and ability to supervise or control*

"[T]o succeed in imposing vicarious liability, a plaintiff must establish that the defendant exercises the requisite control over the direct infringer." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) (citing *Grokster*, 545 U.S. at 930). To satisfy this element, a plaintiff must plead allegations sufficient to establish that the defendant "has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Id.* WAB argues that it should not be held vicariously liable because it had an "arm's length lending agreement" with Lokal that did not permit WAB to control Lokal or the home plans. ECF No. 99 at 13–14. WAB contends that, at most, Plaintiff alleges that WAB had the ability to "halt payment of further loan advances to Lokal," but argues this is insufficient for vicarious liability to apply. *Id.* at 13–14.

In response, Plaintiff identifies several allegations showing that the CLA provides WAB with the authority to supervise and control Lokal's development of Victory Ridge.

*See generally* ECF No. 105 at 6–10. For example, Plaintiff cites WAB's power to approve the plans of the infringing houses ahead of construction and commission appraisals of those properties. *Id.* at 7–8 (citing ECF No. 57 at 8 ¶ 43). Under the CLA, WAB also had the "power to conduct inspections" and determine whether the construction was complied with the Requirements. *Id.* at 8 (citing ECF No. 57 at 7 ¶ 39). Plaintiff argues that these provisions evince WAB's ability to control construction, and thus, Lokal's infringement. *Id.*

Without pleading facts to suggest that WAB actually conducted inspections or supervised the infringing work, these allegations are insufficient to allege that WAB controlled or supervised the direct infringement prior to being served with the complaint in this action on October 21, 2024. "The mere fact that [WAB] *could have* policed [Lokal] . . . is insufficient to impose vicarious liability." *Berry v. Deutsche Bank Tr. Co. Americas*, No. 07 Civ. 7634(WHP), 2008 WL 4694968, at *5 (S.D.N.Y. Oct. 21, 2008), *aff'd*, 378 F. App'x 110 (2d Cir. 2010) (citation omitted) (emphasis added). Rather, for vicarious liability to attach, "the parties' paths must cross on a daily basis, and the character of this intersection must be such that the party against whom liability is sought is in a position to control the personnel and activities responsible for the direct infringement." *Id.* (citing *Banff Ltd. v. Limited, Inc.,* 869 F.Supp. 1103, 1109 (S.D.N.Y.1994)). Plaintiff's complaint contains no such allegations—at least with respect to WAB's conduct and authority prior to October 21, 2024. That WAB *could have* conducted inspections at Victory Ridge does not mean that it did, and Plaintiff does not plead otherwise. Likewise, just because WAB *could have* inspected Victory Ridge does not mean that it had the practical ability to *control* the construction site. Similarly unavailing is Plaintiff's argument that WAB's

commissioning of appraisals of Victory Ridge meant that Western could refuse to approve construction, thus amounting to veto power for WAB. ECF No. 105 at 7–8 (citing ECF No. 57 at 8 ¶ 43). The Court does not agree that this is a plausible inference. At most, WAB may have been able to exert economic pressure on Lokal by refusing to advance its loans, but "the ability to exert financial pressure does not give [d]efendants the right or ability to control the actual infringing activity at issue." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 804–05 (9th Cir. 2007).

However, Plaintiff also identifies provisions of the CLA attendant to Plaintiff's allegations regarding events *after* October 21, 2024. Specifically, Plaintiff identifies CLA provisions in which Lokal (1) warranted that all houses be built in compliance with all Requirements in the CLA, including in compliance with federal copyright law, ECF No. 105 at 8 (citing ECF No. 57 at 7 ¶ 39), and (2) warranted and covenanted that its activities would not conflict with federal law, *id.* at 9 (citing ECF No. 57 at 7 ¶ 40). Plaintiff further alleges that, under the CLA, if WAB determined that construction of Victory Ridge failed to meet the contractual Requirements, then WAB had "the right to stop the work." *Id.* at 8–9 (citing ECF No. 57 at 7 ¶ 39) (emphasis omitted). Additionally, any breach of Lokal's covenant not to violate federal law constituted a "default" under the CLA, permitting WAB to "take any action" necessary to operate or preserve or protect its collateral, including requiring that Lokal immediately deliver and assign to WAB all contracts and permits associated with the project and empowering WAB to "take all action necessary to complete" construction. *Id.* at 9 (citing ECF No. 57 at 7–8 ¶¶ 40, 41). Plaintiff argues that these powers, taken together, "go far beyond a simple debtor-creditor relationship," and

instead specifically provide for instances in which WAB has authority and control over Victory Ridge. *Id.* at 9–10.

The Court agrees with Plaintiff that these provisions—and allegations attendant to them—grant WAB far greater authority and control than a mere lender. However, WAB was only granted this authority if and when it learned that Lokal had failed to live up to its obligations under the CLA. Put differently, Plaintiff's allegations make clear that WAB's power to take day-to-day control of the Victory Ridge project vested only after WAB knew that Lokal had defaulted or failed to comply with all of the CLA's Requirements. And, as discussed above, there are no allegations to suggest that WAB was aware of or in a position to utilize its enhanced authority and "control the personnel and activities responsible for direct infringement" until after it was aware of Lokal's alleged infringement on October 21, 2024. *Berry*, 2008 WL 4694968, at *5 (citation omitted).

Because Plaintiff has sufficiently alleged that WAB was in a position to exercise its enhanced authority under the CLA once it was aware of the infringement alleged here, Plaintiff's claim to hold WAB vicariously liable for Lokal's direct infringement after October 21, 2024—when Plaintiff alleges WAB was served with a complaint in this action—survives.

### b. *Direct financial interest*

With respect to the direct financial interest element, WAB argues that the CLA makes clear that "Lokal's repayment responsibility to WAB is not in any way dependent on or affected by the alleged infringement or any benefit that Lokal may receive from it." ECF No. 99 at 15 (citing ECF 44-2 at § 8.2.2). In response, Plaintiff argues that it has

sufficiently pleaded WAB's direct financial interest in the infringing property because it alleges that WAB is a creditor with a security interest in infringing houses, the infringing houses are WAB's collateral for the loans, and WAB's loans are being repaid from Lokal's sales of infringing houses. ECF No. 105 at 10–11 (citing ECF No. 57 at 6 ¶¶ 35–36). Although a close call, the Court agrees with Plaintiff that the allegations are sufficient to establish WAB's direct financial interest at the pleading stage.

"The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps." *Warner Recs. Inc. v. Charter Commc'ns, Inc.*, 454 F. Supp. 3d 1069, 1074 (D. Colo. 2020) (citation omitted). While Plaintiff's allegation that WAB was repaid from the proceeds from sales of the infringing houses is not supported by a cite to the CLA, the provision of the CLA cited by WAB in response to this allegation does not refute or "utterly contradict[]" the allegation that WAB had a direct financial interest in Victory Ridge. *See Flores v. City of Aurora*, No. 1:20-cv-00618-RBJ, 2021 WL 4033117, at *7 (D. Colo. Sept. 3, 2021) (citation omitted). Instead, Section 8.2.2 of the CLA states that Lokal would need to repay any loans "immediately" in the event of a default. *See* ECF No. 44-2 at 68 § 8.2.2. This is not inconsistent with Plaintiff's allegation that Lokal would be repaid from proceeds of the infringing properties. As Plaintiff is entitled to have all alleged facts accepted as true at this stage, and enjoys all reasonable inferences drawn from them, these allegations are sufficient to establish that WAB has a direct financial interest in the infringing property at Victory Ridge. *See Est. of Hebert by & through Bourgeois v. Marinelli*, No. 1:22-cv-02582-CNS-STV, 2023 WL 4744927, at *12 (D. Colo. July 25,

2023) (denying a motion to dismiss even where it "[was] a close call" that plaintiff "alleged enough factual content" to set forth claim).

Accordingly, Plaintiff's vicarious liability claim against WAB survives, but only to the extent it is premised on allegations concerning WAB's actions after it learned of Lokal's alleged infringement, on October 21, 2024.

### B.  Flagstar's Motion to Dismiss

Flagstar's Motion to Dismiss advances similar arguments as those raised in WAB's motion. *See generally* ECF No. 98. Flagstar also contends that Plaintiff's request to hold Flagstar jointly and severally liable for the Lokal entities' profits resulting from the infringing properties is improper and contrary to established law. *Id.* at 10. The Court addresses each and, for the reasons articulated below, Flagstar's motion is GRANTED in part and DENIED in part.

### 1.  *Contributory Copyright Infringement*

Like WAB, Flagstar argues that Plaintiff's contributory infringement claim should be dismissed because Plaintiff failed to properly allege that Flagstar had knowledge of Lokal's infringement or that Flagstar caused, encouraged, or materially contributed to the direct infringement. *See* ECF No. 98 at 8–10. In response, Plaintiff contends that it sufficiently pleaded Flagstar's knowledge and material contribution to the Victory Ridge and Centennial projects by providing construction funding to Lokal. *See* ECF No. 106 at 9–12.

### a. *Knowledge of Infringement*

Flagstar's dismissal motion briefly addresses the knowledge element of Plaintiff's contributory liability claim. *See* ECF No. 98 at 8. For substantially similar reasons as those addressed by the Court in its analysis of WAB's dismissal motion, the Court concludes that Plaintiff has failed to allege Flagstar's knowledge of infringement before Flagstar was served with the complaint in this action, on October 29, 2024. *See* ECF No. 57 at 10 ¶ 55. However, Plaintiff has sufficiently alleged Flagstar's knowledge of the direct infringement from October 29, 2024 onward, which Flagstar does not appear to contest.

### b. *Material Contribution*

Flagstar argues that Plaintiff's allegations that Flagstar provided construction funding and declined to halt Lokal's construction of the infringing homes is insufficient to plead that Flagstar caused or materially contributed to Lokal's infringement. ECF No. 98 at 9 (citing ECF No. 57 at 10–11 ¶ 57). Plaintiff argues that rather than passive nonfeasance, by continuing to provide loans to Lokal even after learning of Plaintiff's allegations of infringement, Flagstar provided "affirmative assistance" in support of Lokal's infringement. ECF No. 106 at 12. The Court agrees with Flagstar for substantially the same reasons it agreed with WAB that Plaintiff has failed to allege Flagstar's material contribution to Lokal's direct infringement at Victory Ridge and Centennial.

As with WAB, Plaintiff's allegations of Flagstar's "mere knowledge of infringing potential or of actual infringing uses is not enough to establish liability" because they lack any additional "factual allegations describing instances of [Flagstar] encouraging or promoting" Lokal's infringement. *Viesti*, 2013 WL 4052024, at *7 (citations omitted).

Indeed, Plaintiff's complaint contains no allegations that Flagstar took any actions to promote or encourage Lokal's infringing behavior. Without more, Flagstar's "simple transmission" of funds cannot be understood as the type of "purposeful, culpable expression and conduct" or "affirmative steps taken to foster infringement" required to find liability. *Id.* at *7 (citing *Grokster*, 545 U.S. at 936).

As Plaintiff has failed to sufficiently allege that Flagstar's actions materially contributed to Lokal's alleged direct infringement, Plaintiff's contributory infringement claim against Flagstar is dismissed.

### 2. *Vicarious Copyright Infringement*

With respect to Plaintiff's vicarious copyright infringement claim, Flagstar argues that Plaintiff's claim should be dismissed because Plaintiff failed to allege (1) Flagstar's obvious and direct financial interest in Lokal's alleged infringement, and (2) that Flagstar had the right and ability to supervise the infringing activity—namely Lokal's building of the allegedly infringing houses at Victory Ridge and Centennial. *See* ECF No. 98 at 5–8. In response, Plaintiff identifies allegations stating that because the Flagstar CLA gave Flagstar the right and ability to stop Lokal's infringement, and because Flagstar had a direct financial interest in the construction and sale of the infringing house, its vicarious liability claim is adequately pleaded. *See* ECF No. 106 at 5–9. But like WAB, Flagstar's authority to take control over the infringement was not live until Flagstar learned of Lokal's infringement and failure to follow the terms of the Flagstar CLA. However, also like WAB, the Court agrees that after Flagstar learned of the direct infringement on October 29, 2024, Flagstar received additional rights to supervise and control the projects at Victory

Ridge and Centennial. Plaintiff has also adequately pleaded Flagstar's direct financial interest in the infringing properties. Accordingly, and as it concluded with WAB, the Court holds that Plaintiff's claim for vicarious liability against Flagstar is adequately pleaded with respect to allegations from October 29, 2024 onward. As explained below, and for substantially the same reasons as it noted above, Plaintiff's claim for Flagstar's vicarious control over Lokal prior to receiving service of the complaint in this action are dismissed.

a.  *Right and ability to supervise or control*

In its dismissal motion, Flagstar argues that because its relationship with Lokal is little more than a "typical lender-borrow relationship," the Court should not accept Plaintiff's "generic allegations characterizing standard lending provisions" as granting Flagstar the "right and ability to supervise Lokal" and its infringing activities. ECF No. 98 at 7. Flagstar also argues that Lokal's allegation that Flagstar had the "power to forbid or halt the construction of infringing houses" is unsupported. *Id.* (citing ECF No. 57 at 9 ¶ 51). Finally, Flagstar argues that Plaintiff's allegation regarding Flagstar's "commissioning and use of appraisals" is a standard part of any loan agreement that does not demonstrate Flagstar's right and ability to control Lokal. *Id.* (citing ECF No. 57 at 10 ¶ 54).

In response, Plaintiff argues that it has adequately pleaded Flagstar's right and ability to control the direct infringement because the provisions of the Flagstar CLA cited in the complaint "create[] a vast array of legal rights and powers that Flagstar has over Lokal's activities" and give Flagstar "more potent protections for its eight-figure basket of loans to Lokal than would be found in a simple borrower-lender relationship." ECF No. 106 at 2. Specifically, Plaintiff points to its allegation the Flagstar CLA gave Flagstar "legal

power and ability to supervise and control the construction of houses [at the projects in suit] ... including the power to forbid or halt the construction of infringing houses." *Id.* at 6 (citing ECF No. 57 at 9 ¶ 51). Additionally, per the Flagstar CLA, "Flagstar had to affirmatively approve the plans and specifications for the houses to be built by Lokal. *Id.* at 2 (citing ECF No. 57 at 9 ¶ 52; ECF No. 44-6 (Flagstar CLA) at 3, 13). Plaintiff argues that because "the Flagstar CLA gave Flagstar the right to review and either approve or reject the plans that Lokal submitted, Flagstar had the power to prevent the construction of the infringing houses in question." *Id.* at 7–6.

Similar to its conclusion with respect to WAB's rights under the WAB CLA, the Court concludes that under the Flagstar CLA, Flagstar had significant rights that granted it the ability to supervise and control the Victory Ridge and Centennial projects—but only after Flagstar was aware of the underlying infringement that would constitute a default or breach of the Flagstar CLA. Under the Flagstar CLA, Lokal was required to warrant that it had "all necessary rights and permissions to proceed with construction, 'including without limitation patents, trademarks, and copyrights' to 'operate its business without violations of law or the rights of others,'" and which constituted a default of the Flagstar CLA if violated. ECF No. 106 at 7–8 (citing CF No. 57 at 10 ¶ 53); *see also id.* at 7 (noting that "Lokal also had to warrant that the plans for the houses 'are in compliance with all Governmental Requirements'" and "covenant to construct the houses in question 'in accordance with all governmental requirements and the Plans and Specifications.'") (citing ECF No. 57 at 10 ¶ 53). In the event of a default, including if Lokal violated federal copyright law, the Flagstar CLA provides Flagstar with "the immediate authority to 'enter

into possession of the Property and perform any and all work and labor necessary to complete the Home' in accordance with the Plans and Specifications." *Id.* at 8 (citing ECF No. 57 at 10 ¶ 53). The Court agrees with Lokal that based on these provisions, "the Flagstar CLA gave Flagstar **very** broad powers over what designs would be built and what Flagstar could do if Lokal's activities violated the copyright laws." ECF No. 106 at 8 (emphasis in original).

These allegations are sufficient to establish that Flagstar had the ability to supervise and control Lokal's day-to-day work on the Victory Ridge and Centennial projects after Flagstar was served with the complaint in this action—even if Flagstar declined to do so. *See Berry*, 2008 WL 4694968, at *5 (determining that sufficiently alleging control requires pleading that "the parties' paths . . . cross on a daily basis, and the character of this intersection must be such that the party against whom liability is sought is in a position to control the personnel and activities responsible for the direct infringement") (citations and alterations omitted). However, with respect to Flagstar's rights absent Lokal's breach or default of the Flagstar CLA (i.e., before Flagstar was served with the complaint), the Court finds that Plaintiff has not alleged that Flagstar had the ability to control or supervise the infringing projects for substantially the same reasons as those outlined in its analysis of WAB's dismissal motion. That Flagstar could review and approve (or reject) the initial home designs, and that it could commission appraisals of Victory Ridge and Centennial means, at most, that Flagstar had control over the funding it provided to Lokal prior to being served with the complaint. It does not mean that Flagstar could control Lokal or its infringement. *Perfect 10*, 494 F.3d at 803 ("The mere ability to

withdraw a financial 'carrot' does not create the 'stick' of 'right and ability to control' that vicarious infringement requires.").

### 2. *Direct financial interest*

Like WAB, Flagstar argues that the Court should disregard Plaintiff's argument that the Flagstar "loans were repaid from the proceeds of the sales of the [infringing] houses," ECF No. 57 at 9 ¶ 50, because under the Flagstar CLA, Flagstar's loan must be repaid by Lokal "whether or not the accused homes are sold," ECF No. 98 at 6 (citing ECF No. 44-6 § 2.1.3), and that repayment "is not in any way dependent on or affected by the alleged infringement or any benefit that Lokal may receive from it," *id.* at 6. In response, Plaintiff cites to its allegations that the infringing developments are collateral for the Flagstar loans, and that Flagstar's loans are being repaid from the sales of the infringing properties. ECF No. 106 at 8–9 (citing ECF No. 57 at 9 ¶¶ 49–50). As it found for WAB, Flagstar's argument is unavailing because the Flagstar CLA does not "utterly contradict[]" Plaintiff's factual allegations. *See Flores*, 2021 WL 4033117, at *7.

Although Section 2.1.3 of the Flagstar CLA outlines Lokal's repayment obligations, this provision does not undermine Woodley's allegations. Like with the repayment provision of the WAB CLA, Section 2.1.3 of the Flagstar CLA merely describes the process by which Lokal is expected to repay its Flagstar loans, stating that the "principal of the Loan and accrued interest thereon shall be paid in accordance with the terms of this Agreement and the Note." *See* ECF No. 44-6 at 16 § 2.1.3. This instruction does not contradict Plaintiff's allegation that Flagstar has a "direct financial interest in the construction and sale of all such houses that were collateral for its loans." ECF No. 57 at

9 ¶ 50. Nor does Section 2.1.3 undermine Plaintiff's allegation that the infringing properties are collateral for Flagstar's loans. Although discovery may make clear that Flagstar's only direct financial interest was the repayment of its own loans irrespective of whether the properties were built, at this stage, Plaintiff's allegations are sufficient to establish the first prong of its vicarious liability claim.

Drawing all inferences in favor of the Plaintiff, the Court finds that the pleadings are sufficient to sustain the vicarious liability claim against Flagstar as to any time after October 28, 2024, when its enhanced power over the infringing properties vested. Accordingly, Plaintiff's vicarious liability claim against Flagstar survives, but only to the extent it is premised on allegations concerning Flagstar's actions before it learned of Lokal's alleged infringement, on October 29, 2024.

### 3. *Joint and Several Liability*

Finally, Flagstar moves to dismiss Plaintiff's claim to hold Flagstar jointly and severally liable for any award of profits against Lokal because Flagstar did not act in partnership with Lokal in building the infringing properties, and thus any other outcome would be contrary to settled law. *See* ECF No. 98 at 10; *see also* ECF No. 115 at 8–10. In response, Plaintiff argues that, in light of the *respondeat superior* origins from which the vicarious liability doctrine was developed, the Court should impose joint and several liability on Flagstar for the Lokal entities' profits. ECF No. 106 at 12–16. The Court agrees with Flagstar that dismissal of Plaintiff's claim to hold Flagstar jointly and severally liable for the Lokal entities' profits is proper.

As noted in Plaintiff's response to Flagstar's dismissal motion, generally, "joint infringers are each responsible only for their own profits," unless the "joint infringers are acting together as a practical partnership." ECF No. 106 at 15; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) ("When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' *actual damages*, but each defendant is severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another." (citing *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir.1981)). Here, Plaintiff has alleged no facts to show that either Bank Defendant was in a practical partnership with any Lokal entity or each other. To the extent Plaintiff asks the Court to disavow this rule and the Fourth Circuit's rationale in *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505 (4th Cir. 2002), the Court declines to do so. Although vicarious liability is "based . . . on the common law doctrine of *respondeat superior*," *Greer*, 83 F.4th at 1287, it is a separate cause of action, and the Court declines to read all aspects of *respondeat superior* liability into Plaintiff's claims for vicarious liability and contributory infringement.

As the Court is not persuaded by Plaintiff's novel argument, Flagstar's motion to dismiss Plaintiff's request to hold the co-defendants joint and severally liable for profits resulting from any alleged infringement is GRANTED.

## IV.    CONCLUSION

Consistent with the above analysis, the Court GRANTS in part and DENIES in part WAB and Flagstar's Motions to Dismiss. ECF Nos. 98, 99. With respect to both WAB and Flagstar's dismissal motions, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's

claims for contributory liability and Plaintiff's claims vicarious liability, to the extent the vicarious liability claims are premised on events that occurred before WAB and Flagstar received notice of this suit, on October 21, 2024 and October 29, 2024, respectively. ECF No. 57. Plaintiff's claims for vicarious liability following the Bank Defendants' receipt of the complaint in this action survive. The Court also DISMISSES WITHOUT PREJUDICE Plaintiff's request to hold WAB and Flagstar jointly and severally liable for other defendants' profits. *Id.*

Dated this 26th day of September 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge