IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-03004-CNS-KAS

WOODLEY ARCHITECTURAL GROUP, INC.,

    Plaintiff,

v.

LOKAL COMMUNITIES, LLC, LOKAL HOMES, LLC,
L&L HOLDING COMPANY, LLC, FLAGSTAR BANK,
NATIONAL ASSOCIATION f/k/a FLAGSTAR BANK,
FSB, and WESTERN ALLIANCE BANK,

    Defendants.

## ORDER

Before the Court is the Defendants Lokal Communities, LLC, Lokal Homes, LLC, and L&L Holding Company, LLC's Motion to Set Copyrightability Hearing. ECF No. 112. Defendants Flagstar Bank, N.A. and Western Alliance Bank also filed Joinders of Motion to Set Copyrightability Hearing. ECF Nos. 116, 117. For the following reasons, the copyrightability motion is DENIED WITHOUT PREJUIDICE.

In its copyrightability motion, Defendants Lokal Communities, LLC, Lokal Homes, LLC, and L&L Holding Company, LLC (together, Lokal) move the Court to set an early copyrightability hearing to determine "what elements in [Plaintiff's] copyright floorplans are protectable" and "thereby narrow[] and streamlin[e] the dispute." ECF No. 112 at 2. Plaintiff Woodley Architectural Group, Inc. (WAGI) opposes Lokal's motion, arguing that (1) determining which elements of WAGI's floorplans are protectable will raise fact

1

questions that must be presented to a jury; and (2) if there are no genuine issues of material fact, protectability can be addressed by the Court in a motion for summary judgment. ECF No. 120 at 11–12. The Court is not persuaded that the issues raised in Lokal's copyrightability motion should be considered early for two reasons.

*First*, the Court accepts Plaintiff's statement that resolving certain disputes regarding whether elements of WAGI's floorplans are not protectable may require the parties to present expert testimony and other evidence. *Id.* at 11–12. While the Court is not prepared to agree with Plaintiff at this time that analyzing protectability will necessarily "present disputed fact issues that must be left to the jury,"[1] *id.* at 11, the parties should receive the full benefit of fact and expert discovery before presenting argument on the issue.

*Second*, and related to the above, granting Lokal's request for an early copyrightability hearing would unnecessarily disrupt the existing case schedule. Under the current Scheduling Order, the deadline for fact discovery is December 5, 2025, and the deadline for expert discovery is April 1, 2026. ECF No. 130 at 1–2. Scheduling a copyrightability hearing before discovery closes would likely require modifying the schedule to allow for additional briefing and a hearing, as well as accelerating the deadlines to exchange expert materials. Lokal has not presented a compelling reason

---

[1] Copyrightability is a "mixed question of law and fact" that may "include 'potential jury questions in the presence of materially disputed facts.'" *Zahourek Sys., Inc. v. Balanced Body Univ., LLC*, 965 F.3d 1141, 1143 (10th Cir. 2020) (citing *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1262 n.4 (10th Cir. 2008)). In some cases, courts can and do make protectability determinations as a matter of law, including in copyright disputes concerning architectural works. *See, e.g.*, *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1142 (10th Cir. 2016) (holding that "standard elements and standard arrangements of elements" in plaintiff's architectural plans were not protectable "[b]ecause standard content receives no copyright protection").

2

why the Court should disrupt the existing schedule and hold a copyrightability hearing now, before discovery has even closed.[2]

However, because the Court acknowledges that a copyrightability hearing may ultimately help narrow the issues in dispute ahead of trial, the parties may revisit this request after the close of discovery. Should any party wish to request a copyrightability hearing at that time, in lieu of following the Court's procedures for filing a summary judgment motion, see CNS Civ. Standing Order Regarding Federal Rule of Civil Procedure 56 Motions, the party should email Chambers no later than 10 days after the close of discovery, copying counsel for all parties, and request a status conference to discuss the utility of holding a copyrightability hearing. Upon receipt of such notice, the Court will schedule a status conference with all parties to assess whether a copyrightability hearing would be helpful, or whether the parties should proceed through this Court's summary judgment procedures.

Accordingly, and consistent with the above, Lokal's Motion to Set Copyrightability Hearing is DENIED WITHOUT PREJUDICE. ECF No. 112.

Dated this 26th day of September 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] In most of the cases Lokal cites to support its argument that copyrightability hearings are "gaining momentum," a copyrightability hearing was scheduled *after* the Court received the parties' summary judgment briefing (and presumably after discovery was complete). See ECF No. 112 at 10–11 (citing, *e.g.*, *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319 (Fed. Cir. 2023); *Lerch Bates, Inc. v. Michael Blades & Assocs.*, Ltd., No. 20-2223 (BAH), 2023 WL 6276643 (D.D.C. Sept. 26, 2023); and *Dutcher v. Bold Films LP*, No. 2:15-cv-110-DB, 2019 WL 3899584 (D. Utah Aug. 19, 2019), *aff'd*, 822 Fed. App'x 858 (10th Cir. 2020)).